**Yeghisabet BABAYAN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–70669.**

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted June 14, 2005.**

Decided June 29, 2005.

Artem M. Sarian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM***

Yeghisabet Babayan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeal's denial of her application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA concluded that Babayan failed to establish either past persecution or a well-founded fear of persecution on account of a protected ground. *See* 8 U.S.C. 1101(a)(42) (defining a "refugee"); 8 U.S.C. § 1158(b)(1) (granting the attorney general discretion to grant asylum to "refugees").[1] We review the BIA's decision for substantial evidence and will reverse only if the record compels a contrary conclusion. *Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Persecution is "an extreme concept that does not include every sort of treatment

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Babayan does not appeal the BIA's rejection of her claims for withholding of removal and relief under the Convention Against Torture.

our society regards as offensive." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998). The two instances where Armenian police allegedly interrupted Babayan's religious gatherings, pushed and pulled attendees, screamed at them, and admonished them to discontinue their religious practices, while reprehensible, do not compel a finding of persecution. *See Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir.2004). Similarly, that certain members of the public were rude to Babayan by using "obscene words" or "clos[ing] the door on [her] face[ ]" while she was proselytizing in Armenia—reactions that may even be typical in the United States—does not compel a finding of persecution.

The record does not compel the conclusion that Babayan either suffered past persecution or has a well-founded fear of persecution on account of her religion.

**PETITION FOR REVIEW DENIED.**